JACOB A. KIRSCH, Appellant, v. PACIFIC COMMERCIAL COMPANY, INC., Respondent.

First Department, February 15, 1918.

Sale — action by purchaser for failure of defendant to deliver merchandise — defense — inability to make shipment because of war conditions — erroneous charge as to duty of purchaser to go into open market and actually purchase the merchandise.

Where in an action by a purchaser of Manchurian garlic, for the failure of the defendant to deliver the same, the defendant claimed that it was unable by reason of war conditions to have the goods shipped, and that it is relieved from liability under the provision of the contract that if the seller is unable to make shipment on account of the embargo against the exportation of food products or other unavoidable delays beyond control, the contract is void, and the court charged that it was the duty of a party under similar circumstances to go into the open market and buy and charge the defendant simply for the balance, it was reversible error to refuse a request to charge further that the law does not require the purchaser to go into the open market and actually purchase the merchandise, as the jury might have understood from a refusal to so charge that the court had intended that the plaintiff could not have any recovery if he did not go into the open market and buy.

APPEAL by the plaintiff, Jacob A. Kirsch, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of March, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 14th day of February, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*Henry L. Franklin,* for the appellant.

*Clarke M. Rosecrantz* of counsel [*Sullivan & Cromwell,* attorneys], for the respondent.

SMITH, J.:

The defendant's agent offered to sell to the plaintiff 1,000 cases of Manchurian garlic, each case to contain 100 pounds. The deliveries were to be made in three equal installments in November and December of 1915, and January of 1916. There was a provision in the contract that if the seller is unable to make shipment on account of embargo against the exportation of food products or other unavoidable delays beyond control, the contract is void. No shipments were made in November, December or January as specified in the contract. Upon February twenty-fifth a shipment of garlic was sent to San Francisco, which was offered to the plaintiff, but the plaintiff had already commenced his action and refused to accept the same. The defendant's answer to the plaintiff's claim is that it was unable by reason of war conditions to get its goods shipped until February 25, 1916; that it made inquiry of the four principal transport lines and also that it sought through a broker to find any other means to obtain transportation, and it claims to be relieved under the provisions of the contract that the contract was to become void through any unavoidable delay. This question was properly submitted to the jury because the evidence was the evidence of the principal of the defendant, who was interested in the event of the action, and also because there was evidence of a shipment of a small quantity of bristles during the period in which the defendant claims to have been unable to have shipped this garlic. It is sworn that the garlic was purchased and ready for shipment but that it was not shipped simply because of inability to get transportation. There was evidence that garlic could be bought in the market which was substantially as good garlic as this Manchurian garlic for about eleven cents.

In the court's charge to the jury upon the question of damages the court said: " If you know that I am going to break my contract in failing to deliver to you a certain commodity, and that commodity is right here in the open market, or something equally as good, it is your duty to go out and buy it and hold me for the balance, but you cannot sit down idly, you cannot refuse to move your hand, and then come in and claim the whole amount, and the contention upon the

part of the defendant in this case is that this proof shows that there was a great similarity in the various grades of this garlic material, and that the plaintiff, if he had suffered any loss as claimed by him, could have gone out into the open market and bought the Italian, the Spanish or something equally as good, and tendered that, or at least made an attempt to tender that to his so-called customer."

After this charge the attorney for the plaintiff requested the court to charge: "I ask your Honor to charge the jury that the law does not require the purchaser to go into the open market and actually purchase the merchandise."

The court refused to charge any further than it already had charged upon that subject and to this an exception was taken.

It seems to me clear that the plaintiff was entitled to have this request charged. The court had theretofore charged that it was the duty of a party under similar circumstances to go into the open market and buy and charge the defendant simply for the balance. The jury might well have understood from his refusal to charge this request that it had intended to put that obligation upon the plaintiff, and that he could not have any recovery if he did not go into the market and buy. The jury rendered a verdict of no cause of action and it cannot be said that they were not misled by this erroneous refusal to charge as requested.

The judgment and order must be reversed and a new trial granted, with costs to appellant to abide the event of the action.

SCOTT, LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.